IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KRISTEN MENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-093 |
| | ) | |
| JACK STOLLER and | ) | |
| DAWN HILL-KEARSE; | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above captioned case. Because Plaintiff is proceeding IFP, the complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

## I.      Screening the Complaint

### A.      Background

Plaintiff alleges without any elaboration: "1. Defendant Dawn Hill-Kearse delayed work, 2. Defendant Jack Stoller tolerated misconduct, [and] 3. The award shall be decided by the Court." (Doc. no. 1, p. 1.)

### B.      Discussion

#### 1.      Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2.      Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted**

Plaintiff's allegations fail to state any facts that would give rise to jurisdiction or any type of claim.   Plaintiff provides no details about how Defendant Hill-Kearse "delayed work" or Defendant Stoller participated in any such action beyond "tolerating" it, let alone does she describe any injury from the non-specific actions of either Defendant.  Nor does Plaintiff provide any basis upon which federal jurisdiction exists.   Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction.  Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  However, even if there were federal jurisdiction, as the complaint simply "tenders 'naked assertions' devoid of 'further factual enhancement,'" it fails to state a claim for relief.  Iqbal, 556 U.S. at 678  (quoting Twombly, 550 U.S. at 555, 557).

For the sake of completeness, the Court also observes the Order served by the Clerk of Court on May 19, 2026, was returned with the notation, "Not Deliverable as Addressed."  (See doc. no. 4.)  As the Order was served using the address provided by Plaintiff when she filed the case, it appears the Court has been saddled with a stagnant case in which no communication with Plaintiff seems possible.   A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Plaintiff's failure to keep the Court informed of a current address amounts to abandonment of her case and provides another basis for dismissal.

3

## II.      Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of June, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA